Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Ray E. Boggess, State Bar No. 260384
reb@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendant THE BOEING COMPANY.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA MOYA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY; CONTINENTAL DATA GRAPHICS; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:20-cv-8360<br><br>[Los Angeles County Superior Court Case No. 20STCV12649]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Diversity Jurisdiction<br><br>Trial Date:        None Set |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO JESSICA MOYA AND TO HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant The Boeing Company hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff Jessica Moya ("Plaintiff") and Defendant The Boeing Company ("Boeing") and because the amount in controversy exceeds $75,000. Moreover, the only other named defendant, Continental Data Graphics, is a business entity that, as of both the filing of this action and this removal petition, no longer exists because it merged into and became part of Boeing.

2. Plaintiff is a citizen of the State of California, and she was a citizen at the time of the filing of her Complaint.

3. Boeing is now, and was at the time this action commenced, a citizen of the States of Delaware and Illinois, but not California. At all material times, Boeing was a corporation under the laws of the State of Delaware, and it has at all material times maintained its principal place of business, including its corporate headquarters, in the State of Illinois.

4. Continental Data Graphics was a Boeing subsidiary that fully merged into Boeing and ceased to be a separate entity as of December 31, 2019.

5. The claims and allegations set forth in Plaintiff's Complaint establish that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

6. Pursuant to 28 U.S.C. § 1446(b), Boeing removes this matter within thirty (30) days of Plaintiff's service of the Summons and Complaint on Boeing.

## II. THE STATE COURT ACTION

7. On or about April 1, 2020, Plaintiff filed an action against Boeing entitled "Jessica Moya, an individual, Plaintiff vs. The Boeing Company; Continental Data Graphics; and Does 1 through 25, inclusive, Defendants," in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV12649 (the "State Court Action").

8. A true and correct copy of the Summons and Complaint served on Boeing are attached hereto as Exhibit A. Plaintiff served a copy of the Summons and Complaint on Boeing via mail on August 3, 2020, and she filed a Proof of Service of the Summons and Complaint, which is attached hereto as Exhibit B.

9. In her Complaint, Plaintiff alleges the following causes of action: (1) Discrimination based on Disability; (2) Discrimination based on Sex; (3) Failure to Accommodate; (4) Failure to Engage in the Interactive Process; (5) Retaliation in Violation of Government Code section 12940; (6) Failure to Prevent Discrimination and Retaliation; (7) Wrongful Termination in Violation of Government Code section 12940; and (8) Wrongful Termination in Violation of Public Policy.

10. Plaintiff alleges in her Complaint that she "was and is a resident of the State of California, Los Angeles County." (Ex. A, 2:3-4).

11. Plaintiff alleges in her Complaint that "[a]s the proximate result of [the alleged wrongful] acts of Defendants, Plaintiff has suffered . . . financial losses, including without limitation, loss of salary and benefits." (*See* Ex. A, 6:19-22). Plaintiff also alleges that she "has suffered and continues to suffer emotional

1  distress, humiliation, mental anguish and embarrassment, as well as the
2  manifestation of physical symptoms." (*See* Ex. A, 6:24-26).

4  12. On September 11, 2020, Boeing timely filed an Answer to the
5  Complaint. A true and correct copy of Boeing's Answer is attached hereto as
6  Exhibit C.

8  13. The Summons, Complaint, Proof of Service, and Answer constitute the
9  pleadings, process, and orders served upon or by Boeing in the State Court Action.

11 **III.  BOEING'S REMOVAL IS PROPER BECAUSE DIVERSITY**
12  **JURISDICTION EXISTS**

14  14. The Court has original jurisdiction over this action pursuant to 28
15  U.S.C. § 1332, and Boeing properly removes this action to this Court under 28
16  U.S.C. § 1441(a) and (b) because this is a civil action between citizens of different
17  states and because the amount in controversy exceeds $75,000, exclusive of interest
18  and costs.

20  **A.  Complete Diversity Exists Between Plaintiff and Boeing.**

22  15. Under 28 U.S.C. § 1332, complete diversity exists between Plaintiff
23  and Boeing because they are citizens of different states. In compliance with 28
24  U.S.C. § 1441(b), "[no] part[y] in interest properly joined and served as a
25  defendant[] is a citizen of the State in which [this] action is brought."

### 1. **<u>Plaintiff Is a Citizen of the State of California</u>.**

16. "For diversity jurisdiction, citizenship of individuals is determined by the state in which the individual is domiciled at the time a lawsuit is filed." *Garfias v. Team Indus. Services, Inc.*, 2017 WL 4512444, at *2 (C.D. Cal. Oct. 10, 2017). As the United States Court of Appeals for the Ninth Circuit explained, "[a] person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17. As alleged in her Complaint, Plaintiff "was and is a resident of the State of California." (Ex. A, 2:3-4). Thus, Plaintiff is a citizen of the State of California within the meaning of U.S.C. § 1332(a) because her place of residence and domicile are, and were, located within the State of California.

18. Upon information and belief, including the fact that Plaintiff resides in the State of California and worked in the State of California, Plaintiff is, and was at all relevant times, a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

### 2. **<u>Boeing Is a Citizen of the States of Delaware and Illinois</u>.**

19. For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In *The Hertz Corp. v. Friend*, 130 S.Ct. 1181,

1192 (2010), the United States Supreme Court held that a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., the "nerve center" of the business. The court explained that the principal place of business is "the place where the corporation maintains its headquarters." *Id*.

20. Here, Boeing is incorporated in the State of Delaware, and has been since 1947. (Declaration of Stephanie L. Hernandez ("Hernandez Decl.") ¶ 3).

21. In addition, Boeing maintains its World Headquarters at 100 North Riverside Plaza, Chicago, Illinois, which serves as its principal place of business and nerve center. (*Id*. at ¶ 4). The officers and directors of Boeing are located at the World Headquarters in Chicago, Illinois and in states other than California, where they exercise day-to-day control of the business and perform the vast majority of their executive and administrative functions. (*Id*.). Boeing's corporate books and records are located at its World Headquarters in Chicago, Illinois. (*Id*.).

22. Therefore, for the purpose of determining diversity jurisdiction, Boeing was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the States of Delaware and Illinois.

23. Accordingly, complete diversity exists between Plaintiff and Boeing.

### 3. **Plaintiff's Naming of Continental Data Graphics as a Defendant Does Not Defeat the Court's Diversity Jurisdiction Because that Entity Merged with Boeing.**

24. Continental Graphics Corporation was a corporation incorporated in the State of Delaware on or about August 14, 1986. (Hernandez Decl., ¶ 5). Continental Graphics Corporation did business as "Continental DataGraphics," also known as "CDG." (*Id.*).

25. In 2000, Boeing acquired Continental Graphics Corporation and held that entity as a separate and wholly owned subsidiary. (*Id.* at ¶ 6). Continental Graphics Corporation continued to do business as "Continental DataGraphics" and "CDG." (*Id.*). Plaintiff named the "Continental DataGraphics" DBA as a defendant in this action.

26. On December 31, 2019, Boeing merged Continental Graphics Corporation into Boeing. (*Id.* at ¶ 7). As part of this merger, all of Continental Graphics Corporation's assets, liabilities, rights, and obligations became Boeing's assets, liabilities, rights, and obligations. (*Id.*). Boeing remains the successor to, and assignee of, Continental Graphics Corporation's assets and liabilities. (*Id.*). As of December 31, 2019, all of Continental Graphics Corporation employees became employees of Boeing. (*Id.*).[1]

---

[1] Plaintiff was employed by CDG, and her employment at CDG ended before CDG merged into Boeing. (Declaration of Barbara Krubski, ¶ 3).

27. Pursuant to the December 31, 2019 merger, Continental Graphics Corporation ceased to exist as a separate corporate entity as of December 31, 2019. (*Id*. at ¶ 8).

28. Courts have repeatedly recognized that a merged corporation that has ceased to exist is not a proper party and cannot defeat diversity jurisdiction. For example, in *Meadows v. Bicrodyne Corp*, 785 F.2d 670, 671 (9th Cir. 1986), the plaintiff sued Bicrodyne and Carpenter in California superior court. After Carpenter's removal of the case to the district court, plaintiff filed a motion to remand, claiming that diversity of citizenship did not exist because Bicrodyne was a citizen of California. *Id*. The district court denied the motion and the Ninth Circuit affirmed. *Id*. The Ninth Circuit recognized that "Bicrodyne was a citizen of California *before merger*." *Id*. at 672 (emphasis added). The court noted that after a merger, "the separate existence of the disappearing corporation[] ceases and the surviving corporation shall succeed." *Id*. (quoting Cal. Corp. Code § 1107(a)). Once "Bicrodyne was merged into Carpenter," Bicrodyne ceased to exist as a separate entity, and Carpenter became "the surviving corporation." *Id*. at 671-72. Because Carpenter was the "surviving corporation" and because it was "a citizen of Delaware," the Ninth Circuit held that the district court properly asserted diversity jurisdiction over that case. *Id*.

29. Other courts within the Ninth Circuit have followed *Meadows* and have disregarded the citizenship of merged corporations that have ceased existing, just like Continental DataGraphics here. *See Sanfilippo v. Tinder, Inc.*, 2018 WL 6681197, at *4 (C.D. Cal. Dec. 18, 2018) ("Tinder does not exist as a result of the merger and its citizenship is not relevant for the current inquiry. Defendant [which was not a citizen of California] is the successor of Tinder's assets and liabilities and the surviving entity resulting from the merger. Thus, complete diversity exists

between Plaintiff and Defendant."); *Zappia v. World Savings Bank, F.S.B.*, 2015 WL 1808545, at *2-3 (S.D. Cal. Apr. 21, 2015) (denying motion to remand and noting, "[i]n the case of merging corporations, the Court looks to the citizenship of the surviving corporation for purposes of diversity jurisdiction."); *Atamian v. Inland Cmty. Bank, N.A.*, 2014 WL 5810369, at *2 (C.D. Cal. Nov. 6, 2014) (denying motion to remand and disregarding the citizenship of ICB because "the action was filed after the merger between AWB and ICB," and "the effect of a merger is that one entity's separate existence ceases.").

30. Accordingly, the citizenship of Continental Graphic Corporation (dba Continental DataGraphics) is irrelevant to the Court's diversity analysis because that corporation merged into Boeing and then ceased to exist as a separate entity. Boeing was the "surviving corporation," and therefore, Boeing is the only relevant defendant with respect to determining diversity of citizenship.

31. As set forth above, Boeing is not a citizen of California; whereas Plaintiff is. Therefore, complete diversity of citizenship under 28 U.S.C. § 1332 exists in this matter.

### B. The Amount in Controversy Exceeds the $75,000 Jurisdictional Minimum.

32. The jurisdictional minimum amount that must be in controversy, $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .").

33. Even though the Complaint did not expressly state an amount in controversy, courts "consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

34. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal punctuation omitted).

35. As the Ninth Circuit explained, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-15.

36. The amount in controversy includes a plaintiff's claim for "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* at 416 (quotations and citation omitted).

37. In addition, the Court should aggregate damages in determining whether the amount in controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.") (internal quotations omitted).

38. Boeing discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Boeing denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover any amount on any of her theories of liability.

### 1. **Plaintiff's Claim for Alleged Lost Wages Satisfies the Amount in Controversy.**

39. Plaintiff alleges that Boeing terminated her employment because of her alleged disability (Ex. A, 6:4-7:18), because of her sex (Ex. A, 7:22-8:25), and because she supposedly engaged in protected activity (Ex. A, 11:6-12:17). Plaintiff alleges that "[a]s the proximate result of [the alleged wrongful] acts of Defendants, Plaintiff has suffered . . . financial losses, including without limitation, loss of salary and benefits." (*See* Ex. A, 6:19-22).

40. As of the date her employment with Boeing ended (September 12, 2019), Plaintiff's annual salary was $47,840.00 (equivalent to $23.00 per hour). (Declaration of Barbara C. Krubski, ¶ 3).

///

///

///

///

///

41.     By the time this case is statistically likely to be resolved at trial (June 2022 or 21.2 months from the date of removal),[2] Plaintiff's claim for back pay will total **$131,560**.[3]  Thus, Plaintiff's claim for back pay alone far exceeds the jurisdictional minimum amount in controversy required by 28 U.S.C. §1332.

### 2.  **Plaintiff's Claims for Attorneys' Fees, Emotional Distress Damages, and Punitive Damages also Push the Amount in Controversy Further above $75,000.**

42.     Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  Here, Plaintiff seeks to "recover reasonable attorneys' fees" pursuant to Government Code section 12965.  (*See* Ex. A, 7:2-5, 17:28).

43.     As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal.  *Chavez*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being

---

[2] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 21.2 months.  See Declaration of Ray E. Boggess at Exhibit 1.  Boeing requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[3] $3,986.67 (Plaintiff's prior monthly salary at Boeing) x 33 months (the number of months between the end of Plaintiff's employment and the statistically likely trial date) = $131,560.11.

-12-
PETITION AND NOTICE OF REMOVAL

part of the amount in controversy."); *see also Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

44. Assuming that a very conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is very likely that an attorneys' fee award alone would exceed $75,000 (150 hours x $500 per hour = $77,500). It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

45. In addition, Plaintiff seeks to recover damages because she allegedly "has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms" based on her claims that Boeing wrongfully terminated her employment. (*See* Ex. A, 6:24-7:2). Such alleged damages also contribute to the amount in controversy. For example, in *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th. Cir. 2005), the Ninth Circuit upheld the district court's finding that the amount in controversy exceeded the statutory minimum when it concluded that the plaintiff's allegations of emotional distress would add "at least an additional $25,000 to her claim" for

discrimination.  Likewise, based on Plaintiff's Complaint here, it is reasonable to conclude that Plaintiff's request for "past and future emotional distress and mental suffering" damages increases the amount in controversy by at least $25,000.

46. Similarly, Plaintiff's claim for punitive damages further increases the amount in controversy.  (*See* Ex. A, 7:6-18, 18:2).  As the Ninth Circuit noted, "punitive damages may be included in computing the amount necessary for federal jurisdiction." *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).  Should Plaintiff convince the trier of fact that Boeing engaged in the conduct alleged in the Complaint, Boeing could plausibly be liable for over $100,000 in punitive damages.  *See Pansacola v. Malaysia Airlines*, Docket No.: CV045944 (C.D. Cal. Feb. 6, 2006) (jury verdict of $237,537, $160,000 of which was for punitive damages).

47. Based on a conservative good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case far exceeds $75,000, exclusive of interest and costs.  *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that plaintiff's damage claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

## IV. **REMOVAL IS TIMELY**

48. "Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30–day removal period because it assures defendants adequate time to decide whether to remove an action to federal court." *SteppeChange LLC v. VEON Ltd.*, 354 F.Supp.3d 1003, 1041 (N.D. Cal. 2018) (internal quotations and citations omitted).  This Petition and Notice of

Removal is timely pursuant to 28 U.S.C. § 1446(b) because Boeing removes this action within thirty (30) days of the date when Boeing received service of the Summons and Complaint. (Ex. B).[4]

## V.   CONCLUSION

49.    For the reasons stated above, this Court has jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and because the amount in controversy exceeds $75,000, exclusive of interest and costs. If any question arises as to the propriety of this action, Boeing respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removeable.

50.    Based on the foregoing, Boeing may remove this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. Boeing respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: September 11, 2020       PAYNE & FEARS LLP

By:    */s/ Daniel F. Fears*
        DANIEL F. FEARS
        RAY E. BOGGESS

Attorneys for Defendant The Boeing Company

4814-7442-5034.2

---

[4] Service by mail on a defendant outside of California becomes effective 10 days after mailing. Cal. Code Civ. Proc. § 415.40. Here, Plaintiff's counsel claims to have mailed a copy of the Summons and Complaint to Boeing on August 3, 2020. Therefore, under section 415.40 of the California Code of Civil Procedure, service was effective as of August 13, 2020. Plaintiff agrees with that conclusion. (Ex. B).

# PROOF OF SERVICE

**Jessica Moya v. The Boeing Company**
**United States District Court Case No. 2:20-cv-8360**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On September 11, 2020, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| TAYLOR LABOR LAW, P.C.<br>Christopher W. Taylor<br>Parham Barkhordar<br>Taylor H. White<br>80 S. Lake Ave, Suite 860<br>Pasadena, CA 91101<br>Telephone: (626) 219-6008<br>Facsimile: (626) 219-6009 | Attorneys for Plaintiff<br>JESSICA MOYA |

Email: chris@taylorlaborlaw.com
twhite@taylorlaborlaw.com
parham@taylorlaborlaw.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pdavid@paynefears.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 11, 2020, at Irvine, California.

*/s/ Patricia David*
Patricia David

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PETITION AND NOTICE OF REMOVAL