# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/01/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton Deputy Clerk

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

THE BOEING COMPANY; CONTINENTAL DATA GRAPHICS; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JESSICA MOYA an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Stanley Mosk Courthouse
*(El nombre y dirección de la corte es):*

111 North Hill Street
Stanley Mosk Courthouse

CASE NUMBER:
*(Número del Caso):* 20STCV12649

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Taylor H. White; Taylor Labor Law, P.C., 80 S. Lake Ave., Suite 860, Pasadena, CA 91101; 626-219-6008

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 04/01/2020
*(Fecha)*

Clerk, by R. Clifton , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

EXHIBIT A, PAGE 16

Electronically FILED by Superior Court of California, County of Los Angeles on 04/01/2020 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:20-cv-08360   Document 1-1   Filed 09/11/20   Page 3 of 20   Page ID #:19
20STCV12649
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Daniel Murphy

1  TAYLOR LABOR LAW, P.C.
   80 S. Lake Ave., Suite 860
2  Pasadena, California 91101
   (626) 219-6008 (office)
3  (626) 219-6009 (fax)
4  CHRISTOPHER W. TAYLOR, STATE BAR NO. 236245
   PARHAM BARKHORDAR, STATE BAR NO. 307393
5  TAYLOR H. WHITE, STATE BAR NO. 325548

6  Attorneys for Plaintiff,
   JESSICA MOYA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| JESSICA MOYA, an individual,<br><br>  Plaintiff,<br><br>vs.<br><br>THE BOEING COMPANY;<br>CONTINENTAL DATA GRAPHICS;<br>and DOES 1 through 25, inclusive,<br><br>  Defendants. | Case No.: 20STCV12649<br><br>COMPLAINT FOR:<br>1. DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF CAL. GOVT. CODE § 12940(a) (FEHA);<br>2. DISCRIMINTATION BASED ON SEX (PREGNANCY) IN VIOLATION OF CAL. GOVT. CODE § 12940(a) (FEHA);<br>3. FAILURE TO ACCOMMODATE IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.* (FAIR EMPLOYMENT AND HOUSING ACT [FEHA]);<br>4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.* (FEHA);<br>5. RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)<br>6. FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)<br>7. WRONGFUL TERMINATION IN VIOLATION OF CAL. GOVT. CODE § 12940(a) (FEHA);<br>8. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT

Plaintiff JESSICA MOYA hereby brings a complaint against the above-named Defendants and states and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. At all times material herein, Plaintiff, JESSICA MOYA (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, Los Angeles County.

2. Plaintiff is informed and believes and thereon alleges that defendant, THE BOEING COMPANY (hereinafter referred to as "Defendant" or collectively as "Defendants") is a Delaware entity, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, in Los Angeles County

3. Plaintiff is informed and believes and thereon alleges that defendant, CONTINENTAL DATA GRAPHICS (hereinafter referred to as "Defendant" or collectively as "Defendants") is a California entity, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, in Los Angeles County.

4. Defendants DOES 1 through 25, inclusive, at all times, were under the direct supervision, employ, and control of Defendants. In doing the acts alleged herein, defendants DOES 1 through 25 were acting within the course and scope of their employment and agency with Defendants. The true names and capacities of defendants named herein as DOES 1 through 25, inclusive, are unknown to plaintiffs who therefore sue such defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes that the DOE defendants are California residents. Plaintiff will amend this Complaint to show true names and capacities when they have been determined. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that each defendant DOE herein is in some manner responsible for the claims and damages herein alleged.

5. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 25 are unknown to plaintiff who therefore sues these defendants under said fictitious names. Plaintiff is informed and believes that each of the defendants named as a Doe defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will

TAYLOR LABOR LAW, P.C.
80 S. Lake Ave., Suite 860
Pasadena, California 91101
(626) 219-6008 (tel)
(626) 219-6009 (fax)

in the future seek leave of this court to show the true names and capacities of these Doe defendants when it has been ascertained.

6. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

7. Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

8. Plaintiff filed charges against Defendants with the State of California, Department of Fair Employment and Housing. The Department of Fair Employment and Housing closed Plaintiffs' case in order to allow Plaintiff to pursue his civil remedies under the Fair Employment Housing Act (FEHA) and issued Plaintiff a right-to-sue letter dated March 30, 2020.

## FACTUAL ALLEGATIONS

9. Plaintiff JESSICA MOYA began working for Defendants on or about July 9, 2018. Plaintiff started as a Data Manager, and in or about 2019, Plaintiff's job title was changed to "Engineering Technician". As an Engineering Technician, Plaintiff's job duties primarily included creating documents and managing online databases. Plaintiff's direct supervisor was Harpreet Bal, who was in charge of the Engineering department.

10. In or about March of 2019, Plaintiff was diagnosed with a psychological/mental disorder, and on or about March 23, 2019, Plaintiff lost consciousness due to her disorder and was admitted to the hospital. The next day on March 24, 2019, Plaintiff contacted her supervisor, Harpreet, and notified him that she was in the hospital and that she would update Harpreet when they found out when she would be able to return to work. Harpreet responded, saying that Plaintiff should contact Defendant's Human Resources ("HR") representative, Ms. Trump. Thereafter, Plaintiff texted Ms. Trump regarding her current situation, and M. Trump informed Plaintiff that she was to fill out paperwork so that she may begin disability leave.

11. Upon approval of Plaintiff's disability leave, Plaintiff received a return to work date of April 17, 2019. On or about April 15, 2019, Plaintiff spoke on the phone with Ms. Trump about Plaintiff's upcoming return to work.

12. On or about April 17, 2019, however, Plaintiff had an episode related to her psychological/mental disorder and as a result, Plaintiff was admitted to the hospital once again. Plaintiff was able to return to work the next day, on or about April 18, 2019, and when she did, she provided Harpreet with a doctor's note excusing her absence on April 17. Defendants, and specifically Harpreet, told Plaintiff that she did not need Plaintiff to provide a doctor's note each time she was absent, and that she need only provide doctor's notes when Harpreet asked for one. Had Defendants engaged further in the interactive process and asked Plaintiff to provide doctor's notes, she would have happily complied.

13. During this time in or about April of 2019, Plaintiff also asked Harpreet repeatedly if she could be accommodated by having the ability to work from home if she need to due to her psychological/mental disorder related episodes, to which Harpreet simply told her "no" each time. Even though Plaintiff did not have anything specific in mind aside from the accommodation of working from home, by bringing this up with Defendant she was enlisting the help of Defendants to start a dialogue to discuss how she could manage the symptoms of her disability while still performing the essential functions of her job. Unfortunately, Defendants did not engage in the dialogue with Plaintiff and simply shut down her requests.

14. Approximately one week later, on or about April 24, 2019, Plaintiff needed to take the day off work due to her disability, Plaintiff received a doctor's note excusing her absence from work for that day, but because Defendants, nor Harpreet specifically, did not ask for a doctor's note, Plaintiff did not provide one.

15. On or about May 1, 2019, Plaintiff's doctor placed her off work for the day due to her disability. Plaintiff texted Harpreet to let him know that her doctor had placed her off work,

16. On or about May 7, 2019, Plaintiff had another episode related to her psychological/mental disorder. This time, she visited her doctor in person and her doctor recommended that Plaintiff take off work for the next eight (8) days. Plaintiff again made sure to contact her supervisor, Harpreet, and let him know her doctor's recommendation. However, on or about May 8, 2019, Plaintiff, who did not want to take any more time off work and feared that Defendants would become upset with her if she did, came into work. That same day, Harpreet gave Plaintiff a write-up stating Plaintiff's attendance as the reason for the write-up. The write-

up also stated that the last few times Plaintiff had been absent she did not provide a doctor's note. This was of course not accurate, as Plaintiff had been absent she did not provide a doctor's note. This was of course not accurate, as Plaintiff had provided doctor's notes to Defendant until Harpreet had told Plaintiff not to do so unless he requested a doctor's note from her. As neither Harpreet nor anyone else employed by Defendants had requested doctor's notes for Plaintiff's most recent visits to her doctor, she had not provided any. Notwithstanding, Plaintiff's doctor's notes were accessible should Defendants have asked for any.

17. Between May 8, 2019 and August of 2019, Plaintiff took approximately two sick days, providing a doctor's note to Defendants each time one was asked for.

18. On or about August 7, 2019, Plaintiff suffered a head injury which required several stitches and was admitted to the emergency room. Plaintiff texted Harpreet to let him know she could not make it into work on August 8, 2019 and provided a doctor's note to him as well. Even though this was a protected leave, Harpreet's response was simply to tell Plaintiff that she did not have any more sick leave, and that while he saw her doctor's note, it would not excuse her absence. Regardless of the amount of sick leave Plaintiff had available, her head injury was a disability. Thus, Plaintiff's absence on August 8, 2019 should have been protected leave, and Defendants should have engaged in the interactive process with Plaintiff.

19. On or about August 26, 2019, Plaintiff needed to go to the emergency room for the trauma related to her head injury, and her doctor took her off work for the day. Similar to her previous absences, Plaintiff was under the impression that she did not need to provide Defendants with a doctor's note unless she was asked to do so. Still, when she came into work the next morning she left her doctor's note on Harpreet's desk and emailed him to let him know that the note was there. Harpreet never responded to Plaintiff's email, nor did he reach out to Plaintiff about the note at all.

20. On or about September 11, 2019, Harpreet asked Plaintiff to meet with him and Audrey, the head of HR, in the conference room. In the meeting, Harpreet and Audrey told Plaintiff that she was being terminated because of her absences and gave Plaintiff her final check. Had it not been for the majority of Plaintiff's absences which qualified as protected leaves, Defendants would not have proceeded to terminate Plaintiff.

COMPLAINT

EXHIBIT A, PAGE 21

# FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF CAL. GOVT. CODE §§ 12940(a) (FEHA)
### (Against Defendants and DOES 1-25)

21. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

22. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

23. California Government Code § 12940(a) requires Defendants to refrain from discriminating against any employee on the basis of disability. Per California Government Code section 12926.1(b), "disability" includes, but is not limited to, protection from discrimination due to actual or perceived impairment that is disabling, potentially disabling, or perceived to be disabling.

24. Defendants engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff from her position on the basis of her disability and her protected medical leave.

25. Plaintiff is informed and believes and based thereon alleges that her disability was a motivating factor in Defendants' decision to terminate Plaintiff and other discrimination against her, in violation of Government Code section 12940(a).

26. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

27. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for

a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

28. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

29. Defendants had in place policies and procedures that specifically prohibited discrimination and retaliation based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination and retaliation based on disability against and upon employees of Defendants. Furthermore, Defendants' managers, officers and agents maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities. However, Defendants' managers, officers and agents chose to consciously and willfully ignore and refuse to employ said policies and procedures with respect to the Plaintiff and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION
## DISCRIMINATION BASED ON SEX (PREGNANCY)
## IN VIOLATION OF CAL. GOVT. CODE §§ 12940(a) (FEHA)
### (Against Defendants and DOES 1-25)

30. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

31. At all times herein mentioned, California Government Code § 12940 *et seq.*, the Fair Employment and Housing Act ("FEHA") was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

32. California Government Code § 12940(a) requires Defendants to regrain from discriminating against any employee on the basis of her sex.

TAYLOR LABOR LAW, P.C.
80 S. Lake Ave., Suite 860
Pasadena, California 91101
(626) 219-6008 (tel)
(626) 219-6009 (fax)

33. Plaintiff is informed and believes and based thereon alleges that her sex, or alternatively her pregnancy, was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against her, in violation of Government Code section 12940(a).

34. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

35. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Code § 12965(b).

36. Defendants had in place policies and procedures that specifically prohibited discrimination and retaliation based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination and retaliation based on disability against and upon employees of Defendants. Furthermore, Defendants' managers, officers and agents maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities. However, Defendants' managers, officers and agents chose to consciously and willfully ignore and refuse to employ said policies and procedures with respect to the Plaintiff and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///
///
///

# THIRD CAUSE OF ACTION
## FAILURE TO ACCOMMODATE IN VIOLATION OF
## GOVT. CODE §§ 12940, *ET SEQ.*
### (Against Defendants and DOES 1-25)

37. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

38. Defendants are business entities regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.

39. Plaintiff's disabilities limited her ability to engage in the major life activity of working.

40. Although Defendants, and each of them, knew of Plaintiff's disabilities, Defendants, and each of them, refused to accommodate Plaintiff's disabilities. Defendants' actions were in direct contravention of the FEHA, and specifically, California Government Code section 12940(m).

41. Plaintiff alleges that with reasonable accommodations she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner. However, Defendants failed to accommodate Plaintiff and instead retaliated against Plaintiff by terminating her.

42. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

43. In doing the acts alleged herein, Defendants acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical and/or mental disabilities. Defendants, through their agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

44. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

## FOURTH CAUSE OF ACTION

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

## IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*

### (Against Defendants and DOES 1-25)

45. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

46. Government Code §12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

47. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disability, and instead, Defendants terminated Plaintiff's employment.

48. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

49. As a direct and legal result of Defendants' discriminatory actions herein referenced, Plaintiff has suffered and continues to suffer general and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, all to her damage in an amount according to proof.

50. In doing the acts alleged herein, Defendants acted willfully, intentionally and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow in accommodating an employee's known physical and/or mental disabilities. Defendants, through their agents and officers, consciously chose not to follow these known procedures, thereby entitling Plaintiff to an award of exemplary and punitive damages pursuant to Civil Code § 3294 in an amount to be proven at trial.

51. Plaintiff also incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees. Plaintiff requests attorneys' fees pursuant to Government Code § 12965.

### FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.*

### (Against Defendants and DOES 1-25)

52. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

53. Plaintiff engaged in conduct protected by the FEHA. Specifically, Plaintiff engaged in protected conduct by going on protected medical leaves to recuperate from her disabilities. Defendants were informed of Plaintiff's disabilities and requests for accommodations and request to prevent further discrimination. Defendants were thereby placed on express notice that Plaintiff had one or more disabilities within the meaning of the FEHA, California Government Code sections 12940 and 12926.

54. Thereafter, rather than providing Plaintiff with reasonable accommodations, Defendants retaliated against Plaintiff by terminating her employment.

55. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendants, and each of them, have engaged in other retaliatory actions against Plaintiff which are not yet fully known. At such time as said discriminatory practices become known to him, Plaintiff will seek leave of this Court to amend this Complaint.

56. As a direct and proximate result of the acts of Defendants, Plaintiff has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, humiliation, loss of sleep, loss of confidence, loss of self-esteem and general discomfort; will incur medical expenses for treatment by health care professionals, and other incidental expenses; suffer loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in an amount according to proof at trial.

57. As a direct and proximate result of Defendants' discriminatory conduct, as alleged herein, Plaintiff has been compelled to retain legal counsel, and is therefore entitled to reasonable attorneys' fees and costs of suit, pursuant to Government Code sections 12940 and 12965 subdivision (b).

58.     Defendants had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment against and upon employees of Defendants, based on the disability of Defendants' employees and required Defendants' managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the disability of Defendants' employees.  Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures prohibiting discrimination, harassment, retaliation based on an employee's disability and also requiring Defendants' managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment against and upon employees of Defendants, based on their disability. Furthermore, Defendants maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SIXTH CAUSE OF ACTION
**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF CAL. GOVT. CODE §§ 12940, *ET SEQ.***
**(Against Defendants and DOES 1-25)**

59.     Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

60.     At all times mentioned herein, California Government Code sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and retaliation and take all reasonable steps necessary to prevent discrimination and retaliation from occurring, among other things.

61. Defendants failed to take immediate and appropriate corrective action to end the discrimination and retaliation. Defendants also failed to take all reasonable steps necessary to prevent the retaliation and discrimination from occurring.

62. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and retaliation and in failing and/or refusing to take and or all reasonable steps necessary to prevent retaliation and discrimination from occurring, Defendants violated California Government Code section 12940, subsections (j) and (k), causing Plaintiff to suffer damages as set forth above.

63. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

64. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

65. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code section 12965(b).

66. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act. Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures

requiring Defendants' managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act.

67. Furthermore, Defendants' perpetrators maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the Defendants' facilities. However, Defendants' perpetrators chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF CAL. GOVT. CODE § 12940(a)
## (Against Defendants and DOES 1-25)

68. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

69. At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons. California Government Code sections 12940 et seq. provide that it is unlawful for an employer to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on a prohibited employment practice, as stated in California Government Code section 12940(a)-(o).

70. Defendant terminated Plaintiff because of her disabilities in violation of the FEHA.

71. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to

proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

72. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

73. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

74. Defendants had in place policies and procedures that specifically prohibited and required Defendant's managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act, California Government Code sections 12940 et seq.  Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act.  Furthermore, Defendants' perpetrators maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities. However, Defendants' perpetrators chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## EIGHTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendants and DOES 1-25)

75. Plaintiff hereby incorporates by reference, as though fully set forth herein, each and every preceding paragraph.

76. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code section 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of, but not limited to, sex, race, age, disability and national origin as identified in California Government Code section 12940 (a)-(o) and section 12926. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code sections 12940 et seq., and the laws and regulations promulgated thereunder.

77. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

78. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

79. The acts taken toward Plaintiff were carried out by Defendants' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and

TAYLOR LABOR LAW, P.C.
80 S. Lake Ave., Suite 860
Pasadena, California 91101
(626) 219-6008 (tel)
(626) 219-6009 (fax)

safety of Plaintiff, and in direct violation of California law, thereby justifying an award of punitive damages in a sum appropriate to punish and make an example of Defendants, and each of them.

80.     Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent discrimination, retaliation, and harassment against and upon employees of Defendants, based Labor Code Section 232.5 and 6310 and on the protected classes identified in the California Fair Employment Housing Act, California Government Code § 12940 et seq.  Defendants' perpetrators were managers, officers, and/or agents of Defendants and were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate discrimination, retaliation, and harassment against and upon employees of Defendants, based on the protected classes identified in the California Fair Employment Housing Act.  Furthermore, Defendants' perpetrators maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the defendant's facilities. However, Defendants' perpetrators chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For all actual, consequential and incidental financial losses, including, but not limited to, loss of earnings and employee benefits, according to proof;
2. For injunctive relief;
3. For statutory penalties, according to proof;
4. For general damages, according to proof;
5. For special damages, according to proof;
6. For attorney's fees, according to proof;

17
COMPLAINT

7. For prejudgment interest, according to proof;
8. For punitive and exemplary damages, according to proof;
9. For costs of suit incurred herein;
10. For declaratory relief; and,
11. For such other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury

DATED:  March 31, 2020           TAYLOR LABOR LAW, P.C.

By: _____
CHRISTOPHER W. TAYLOR
PARHAM BARKHORDAR
TAYLOR H. WHITE
Attorneys for Plaintiff,
JESSICA MOYA

18
COMPLAINT